UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DENISE GASTON,

Plaintiff,

v.

BIRCH FAMILY SERVICES,

Defendant.

**MEMORANDUM AND ORDER**

26-cv-02259 (LDH) (LKE)

LASHANN DEARCY HALL, United States District Judge:

Denise Gaston ("Plaintiff"), proceeding *pro se*, brings this action against Birch Family Services ("Defendant") alleging employment discrimination. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* ("IFP") is denied. Plaintiff is granted fourteen (14) days from the issuance of this memorandum to pay the $405.00 filing fee.

**DISCUSSION**

A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). "A litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status but need demonstrate only that they 'cannot because of their poverty pay or give security for the costs and still be able to provide themselves and dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *Gil v. JP Morgan Chase Bank NA*, No. 23-CV-02268, 2023 WL 8567478, at *3 (E.D.N.Y. Dec. 11, 2023). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this District treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty

required under the IFP statute. *See, e.g., Kane v. Garland*, No. 25-CV-6680, 2026 WL 396878, at *1 (E.D.N.Y. Feb. 12, 2026); *Francis v. New York City Dept. of Corrections*, No. 25-CV-02301, 2025 WL 3090625, at *1 (E.D.N.Y. Nov. 5, 2025); *Levy v. Exodus Movement Inc.,* No. 25-CV-2975, 2025 WL 1652146, at *1 (E.D.N.Y. June 10, 2025). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grant v. 115th Precinct*, No. 24-CV-4183, 2024 WL 3252513, at *1 (E.D.N.Y. July 1, 2024).

Here, the financial declaration form Plaintiff submitted does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. (Mot. for Leave to Proceed in Forma Pauperis, ECF No. 2.) Plaintiff states that she is currently employed and earns gross monthly pay or wages of $8,596.60, and her take home pay is $5,000.00 per month. (*Id*. at 1.) Although she states that she has only $150.00.00 in her checking or savings account and has routine monthly expenses, (*see id*. at 2), her declaration establishes that she has sufficient resources to pay the $405.00 filing fee to commence this action.

**CONCLUSION**

Accordingly, Plaintiff's request to proceed *in forma pauperis* ("IFP") is DENIED. Plaintiff is granted fourteen (14) days from the issuance of this memorandum to pay the $405.00 filing fee.

SO ORDERED.

Dated: Brooklyn, New York
October 13, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge